Maurice N. Ross, NY SBN# 1720796 (pro hac vice application pending)
BARTON LLP
420 Lexington Avenue
New York, New York 10170
Telephone:  212-687-6262
Email:      mross@bartonesq.com

Daniel N. Ballard, CA SBN# 219223 (Counsel for Service)
SEQUOIA COUNSEL PC
6624 Penney Way
Carmichael, CA 95608
Telephone:  916-607-3904
Email:      dballard@sequoiacounsel.com

Attorneys for Plaintiff Belstone Capital LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Belstone Capital LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>   vs.<br><br>Bellstone Partners, LLC., a California limited liability company; Bellstone Commercial, Inc., a California corporation, and BellstoneShares, LLC, a California limited liability company,<br><br>       Defendants. | Case No.: 16-620<br><br>**COMPLAINT for DECLARATORY JUDGMENTS OF**<br>**(1) NONINFRINGEMENT OF A TRADEMARK and**<br>**(2) NONREGISTRABILITY OF CERTAIN TRADEMARK RIGHTS and for CANCELLATION OF A TRADEMARK REGISTRATION**<br><br>JURY TRIAL DEMAND |

Plaintiff Belstone Capital LLC ("Belstone") complains and alleges as follows against Bellstone Partners, LLC ("BPL"), Bellstone Commercial, Inc. ("BCI"), and BellstoneShares, LLC ("BSL") (collectively, "Defendants").

**JURISDICTION**

1    The Court has jurisdiction over the subject matter of this trademark declaratory judgment action pursuant to 28 U.S.C. §§ 1331 and 1338, the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 2201(a) and 2202.

2.    Defendants are subject to the personal jurisdiction of this Court because

each maintains its principal place of business within this District, regularly maintains an office and registered agent in the State of California and is, therefore, continuously present in California and within this District. In addition, Defendants' assertions of infringement of its trademark rights were directed to Belstone from California. Thus, this Court has both general and specific personal jurisdiction over each Defendant.

3. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(1) and (2) because each Defendant is subject to the personal jurisdiction of this Court in this Judicial District and qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2). In addition, a substantial part of the events giving rise to Belstone's claims has occurred and will continue to occur in the Eastern District of California.

**NATURE OF THE ACTION**

4. Belstone seeks declaratory judgments that it is not infringing Defendants' trademark, that BPL may not register certain trademark rights, and for an order cancelling BPL's federal trademark registration.

5. Defendants assert Belstone is infringing their "Bellstone" trademark, registered with the USPTO on August 3, 2010 in International Class 36 for "Lending consultant services" and given Registration Number 3828103 (the '103 Registration).

6. Defendants assert Belstone is infringing their "Bellstone" mark by operating an international merchant banking and technology development business under the "Belstone" name and by applying to register its word/design mark shown below with the United States Patent and Trademark Office ("USPTO") (given Serial Number 86973133).

Belstone

7. Belstone denies it is now or has ever infringed Defendants' registered or common law trademark rights in "Bellstone."

8. Defendants' business is limited to providing financial services for real estate development projects, primarily of homes in Sacramento and Southern California. Defendants' use, if at all, of the word "Bellstone" is limited to brand only those services.

9. Belstone is not involved in either residential or commercial real estate development projects and does not participate in raising financing for any such projects. Belstone is a corporate finance company specializing in technology development and capital formation that helps companies use technology to raise capital or perform mergers and acquisitions. Belstone provides companies with highly sophisticated, internet-based, proprietary deal management technology products designed to facilitate efficient capital formation and related business transactions.

10. Both Belstone and Defendants offer their respective services to their respective highly sophisticated customers. Those two sets of highly sophisticated customers engage in fundamentally different and distinct businesses in fundamentally different industries. There is no likelihood that either set of customers could be confused into falsely believing that Belstone is one of the Defendant companies or is sponsored, endorsed, or associated with any of them or that one or more of the Defendant companies are either Belstone or are sponsored, endorsed, or associated with Belstone.

## THE PARTIES

11. Plaintiff Belstone is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at New York, New York. Belstone also maintains offices in Atlanta, Georgia.

12. Upon information and belief, Defendant BPL is a limited liability company organized under the laws of the State of California, with its principal place of business at 4737 Fair Oaks Blvd. in Carmichael, California 95608. BPL owns the '103 Registration.

13. Upon information and belief, Defendant BCI is a corporation organized under the laws of the State of California, with its principal place of business at 4737 Fair Oaks Blvd. in Carmichael, California 95608.

14. Upon information and belief, Defendant BSL is a limited liability company organized under the laws of the State of California, with its principal place of business at 1700 Eureka Road, Suite 130 in Roseville, California 95661.

15. Upon information and belief, BPL, BCI, and BSL are affiliated entities

1  involved in real estate lending and real estate development projects primarily in Southern
2  California and Sacramento. Although Defendants purport to engage in commercial
3  development projects, upon information and belief, most of their activities have related to
4  residential developments involving only modest investment. Defendants' bellstone.us
5  website reports that their projects involve loans usually not greater than $500,000.

6　　　　16.　Belstone has no involvement in real estate development or real estate
7  lending consulting services, whether residential or commercial.

8　　　　17.　Belstone is a corporate finance and technology development company.
9  Through its principals, it works with the owners of private companies to raise capital and
10 explore mergers and acquisitions. It advises sophisticated corporate clients on actual and
11 potential transactions involving millions and tens of millions of dollars. In so doing, it
12 provides services, including services related to leveraged buyouts, mergers and
13 acquisitions, private investment advisory services, equity capital management, financial
14 planning, financial management and advisory services.

15　　　　18.　Belstone also develops proprietary technology for managing complex
16 financial transactions and business relationships, including, for example, computer
17 software for providing financial management, corporate valuation tracking, transaction
18 management, deal distribution analysis, corporate financial modeling and planning,
19 corporate strategic alternatives analysis, corporate financial instrument pricing and cost
20 analysis, and budgeting analysis; computer software for use in retirement and tax
21 planning; computer software for use in trading securities of private market and secondary
22 market companies; computer software for use in financial transaction processing and
23 management; computer software for use in managing and analyzing financial records;
24 computer software for initiating, processing and tracking financial transactions; and
25 authentication software and computer application software for controlling access to and
26 communications with computers.
27 //
28 //

**DEFENDANTS' ACTS COMPRISING ACTUAL CONTROVERSY**

19. Belstone re-avers and re-states Paragraphs 1-18 as if fully set forth herein.

20. By letter dated April 20, 2016, Belstone, through its counsel, requested that Defendants acknowledge that Belstone's use of its "Belstone" mark would not infringe Defendants' trademark and, in particular, would not lead to market confusion. Belstone requested Defendants enter into a co-existence, consent, and cross-license agreement that would confirm Belstone and Defendants could lawfully concurrently use their respective marks and by agreement acknowledge that such use would not cause marketplace confusion among their respective customer bases or otherwise.

21. Defendants' General Counsel, Mr. Aristides G. Tzikas, rejected Belstone's proposal. By email on May 6, 2016 Mr. Tzikas informed Belstone's counsel that: "… my client is not interested in discussing a co-existence and cross-license agreement with your client. Furthermore, based upon the clearly demonstrated confusion engendered by your client's unauthorized use of the name, we are requesting that you immediately cease and desist from further knowing and willful infringements on my client's mark and promptly withdraw the Application and provide us with evidence of the withdrawal." He ended by noting he hoped "this issue may be amicably resolved so that we may avoid the exercising of any further remedies as provided by state law and the U. S. Trademark Act." In a follow-up email to Belstone's counsel on May 17, 2015 Mr. Tzikas demanded "evidence of compliance to my request that your client cease and desist in the unauthorized use of the 'Belstone' mark."

22. Also apparently in response, on May 6, 2016, BPL filed a new trademark registration application with the USPTO (given Serial Number 87027088 (the '088 Application)), seeking much broader protection for its alleged "Bellstone" mark.

23. In the '088 Application for IC 35 and 36 BPL claims (under Section 1(a)) to have used "Bellstone" as a mark as early as June 1, 2004 for the following activities:

> Class 35: Business data analysis services in the field of real estate; Collection and analysis of quality metric data for real estate projects for business purposes; Collection and analysis of quality metric data for real estate for business purposes; Providing

> economic consultation in field of real estate markets; Providing economic consultation in field of real estate projects.
>
> Class 36: Capital investment; Investment advice in the fields of real estate; Investment advice in the fields of real estate and loans; Investment consultation in the fields of real estate; Investment consultation in the fields of real estate and loans; Investment management in the fields of real estate; Investment management in the fields of real estate and loans; Investment of funds for others in the fields of real estate; Investment of funds for others in the fields of real estate and loans; Mortgage banking; Providing information in the field of real estate; Real estate agency services.

24. In the '088 Application for IC 9 and 42, BPL requests protection (under Section 1(b)) for "Bellstone" as a mark on an "intent to use" basis for:

> Class 9: Computer software for creating searchable databases of information and data.
>
> Class 42: Providing temporary use of on-line non-downloadable software for real estate investments; Providing temporary use of on-line non-downloadable software for real estate and loans.

25. BPL's assertion in its '088 Application that it began using "Bellstone" as a mark to brand the services claimed in IC 35 and 36 is false. Most, if not all, of the services it listed require that BPL be licensed as a Real Estate Broker by the California Bureau of Real Estate. See, Bus. & Prof. Code §§ 10130, 10131 et seq. BPL is not so licensed. If BPL is performing those services then it is doing so unlawfully. Moreover, BPL cannot lawfully license its alleged "Bellstone" mark to anyone who is so licensed and so cannot claim trademark rights in "Bellstone" through the acts of a licensee. Id. § 10157.

26. BPL's assertion in its June 1, 2004 application to register "Bellstone" as a mark (ultimately maturing into the '103 Registration) that it was itself using that word mark in interstate commerce for "Lending consulting services" was fraudulent. As of that date, BPL had not used "Bellstone" as a word mark in interstate commerce to brand those services; rather, it provided its services, if any, under the trade name "Bellstone Partners, LLC" and then only in Southern California and Sacramento and those services were, moreover, unlawful in violation of Business & Professions Code §§ 10130, 10131 et seq.

27. Any common law trademark rights Defendants may claim for the alleged "Bellstone" mark are geographically limited to Southern California and the Sacramento metropolitan area.

28. BPL filed its new '088 Application as part of Defendants' strategy to wrongly interfere with Belstone's business by demanding it stop using its "Belstone" mark and abandon its efforts to register its trademark with the USPTO.

29. An actual justiciable controversy presently exists over Belstone's right to continue to use its "Belstone" mark and to register that mark with the USPTO.

## FIRST CLAIM FOR RELIEF
(Against all Defendants)
Declaration of Noninfringement of Trademark Rights

30. Belstone re-avers and re-states Paragraphs 1-29 as if fully set forth herein.

31. Defendants have created an actual justiciable controversy by twice making credible threats of trademark infringement litigation against Belstone, by demanding that it stop using its "Belstone" trademark, and by demanding it withdraw its pending trademark registration application (Serial Number 86973133).

32. BPL's federally registered trademark rights in "Bellstone" extend only to "Lending consulting services" and only if it actually and lawfully provides those services under that word mark and, then, only where those services are provided.

33. Defendants' common law trademark rights, if any, in "Bellstone" extend at most to providing financial services for real estate development projects and are geographically limited to Sacramento and Southern California.

34. No marketplace or consumer confusion is likely if Belstone continues to use its "Belstone" mark. Belstone and Defendants are not competitors. Belstone does not engage in "Lending consulting" for residential or commercial real estate projects in California, nor is it involved in real estate lending or real estate development in California or elsewhere. The two companies operate in fundamentally different industries and clearly distinct market segments. They do not promote their services in the same trade channels

and do not share any of the same actual or prospective customers.

35. Further, Defendants have not been involved in the technology development business, whereas Belstone has developed various proprietary technological platforms for use in providing financial services, including, for example, a technological platform for efficient transaction management.

36. Belstone operates other technology-oriented business activities in which Defendants are not involved, such as: Proprietary deal management technology, presentation technology, CRM technology, and web-based transaction management systems; educational services; mobile financial applications; computer software; and web-based business management consulting.

37. BPL asserts it first began using "Bellstone" as a mark in June, 2004. Belstone has been using its "Belstone" mark since at least 2010. Upon information and belief, during the more than six years in which Defendants allege concurrent use, there has been no marketplace confusion caused by the parties' concurrent use of their respective marks. Belstone is unaware of even a single instance of any marketplace participant confusing Belstone with any of the Defendants or vice versa.

38. The parties' respective actual and potential customers are highly sophisticated given the services the parties offer. The parties' respective customers will instantly recognize the significant differences between Defendants' alleged "Bellstone" word mark as used by Defendants and Belstone's word/design mark (which includes the word "Belstone" as part of a design in which the "O" surrounds a drawing of a globe).

39. Defendants' and Belstone's websites and marketing materials are distinctive and substantially different in appearance and substance and the use of their respective marks in the context of their respective websites and marketing materials is unlikely to lead to any actual or potential consumer confusion.

40. Based on the foregoing, there is no likelihood of consumer confusion between Belstone and any one or more of the Defendant companies.

41. Belstone is entitled to a declaratory judgment that it is not infringing, has not

infringed, and is not liable for infringing any of Defendants' alleged trademark rights, either directly or by inducing others to infringe or by contributing to infringement by others.

## SECOND CLAIM FOR RELIEF
(Against Bellstone Partners, LLC)
Declaration that BPL Cannot Register "Bellstone" For Services Performed Unlawfully

42. Belstone re-avers and re-states Paragraphs 1-41 as if fully set forth herein.

43. California law requires that persons who perform most, if not all, of the services that BPL lists in the Section 1(a) component of its '088 Application must be licensed as a Real Estate Broker by the California Bureau of Real Estate. See, Bus. & Prof. Code §§ 10130, 10131 et seq.

44. BPL is not licensed as a Real Estate Broker. If BPL is performing any of the services listed in the Section 1(a) component of its '088 Application then it is doing so unlawfully. A trademark used unlawfully cannot be registered by the USPTO. See, 15 U.S.C. § 1051; *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 630 (9th Cir. 2007).

45. Moreover, BPL cannot lawfully license its alleged "Bellstone" mark to anyone who is so licensed and so cannot claim any trademark rights in "Bellstone" through acts of a licensee. See, Bus. & Prof. Code § 10157.

46. BPL's assertion that it is using "Bellstone" to brand the services listed in the Section 1(a) component of its '088 Application is, therefore, false as a matter of law.

47. Belstone is entitled to a Declaration that BPL may not register "Bellstone" to brand any of those listed services.

## THIRD CLAIM FOR RELIEF
(Against Bellstone Partners, LLC)
Cancellation of Trademark Registration Pursuant to 15 U.S.C § 1119

48. Belstone re-avers and re-states Paragraphs 1-47 as if fully set forth herein.

49. Defendants explain on their bellstone.us website that: "The Bellstone Companies is a real estate capital advisory, lending and brokerage firm based in

Sacramento, California. Bellstone advises real estate developers nationally, assisting with joint venture equity, mezz debt and senior financing."

50. Defendants also note on that website that "Bellstone is a registered trademark of Bellstone Partners, LLC" and that "All loans funded or brokered within California through Bellstone Commercial, Inc., a licensed Broker by the California Bureau of Real Estate (lic#01787832)."

51. BPL was registered as a limited liability company in November, 1999. BPL's Managing Director was then and is now Robert B. Price IV ("Price").

52. On January 1, 2010, Price filed on BPL's behalf an application with the USPTO requesting registration of "Bellstone" as a trademark to brand BPL's "Lending consultant services." As part of that application, Price signed a Declaration attesting that BPL had used its "Bellstone" trademark "at least as early as 06/01/2004" and that the mark "is now in use in such commerce." Price submitted the specimen shown below to prove that BPL was using the word "Bellstone" as a trademark in commerce. He also attested that the specimen was BPL's "[s]tandard letterhead logo used on all business correspondence, presentations and marketing materials and website."



53. The USPTO approved BPL's application on August 3, 2010 and issued BPL the '103 Registration for "Bellstone" as a word mark. As shown by BPL's specimen of use, BPL was not using the name "Bellstone" alone. The specimen shows BPL using the trade name "Bellstone Partners, LLC" within what it described as its "logo." BPL applied to register "Bellstone" as a word mark when it was not actually using that mark in commerce. Price knowingly misrepresented to the USPTO that BPL was using "Bellstone" as a mark. The USPTO would not have issued the '103 Registration but for that misrepresentation.

54. On August 3, 2015, Price filed on BPL's behalf a "Combined Declaration of

Use and Incontestability" with the USPTO for BPL's alleged "Bellstone" mark. Price signed a Declaration in that application attesting that the "mark has been continuously used in commerce for five (5) consecutive years after the date of registration … and is still in use in commerce on or in connection with" lending consultant services. Price submitted the specimen shown below to prove BPL's alleged use in commerce and again attested it was BPL's "standard corporate logo which is affixed to our website, all marketing materials and corporate documents."

**Bellstone®**
Commercial Real Estate Investments

55. The USPTO accepted BPL's Declaration of Use and Incontestability and acknowledged both on September 3, 2015. As shown by this filing's specimen of use, BPL materially altered the "Bellstone Partners, LLC" trade name it had registered as the "Bellstone" word mark. The two specimens of BPL's alleged mark convey significantly different commercial impressions. The version BPL submitted in this filing is a mutilation of the alleged mark the USPTO issued under the '103 Registration. Price knowingly misrepresented to the USPTO in BPL's Declaration of Use that the same "Bellstone Partners, LLC" trade name it registered as a mark was "continuously used in commerce for five (5) consecutive years after the date of registration … ." The USPTO would not have accepted BPL's Declaration of Use but for that misrepresentation.

56. California law requires that persons who provide lending consultant services for real estate development projects must be licensed as a Real Estate Broker [or in some instances a California Finance Lender or Residential Mortgage Lender]. See, Bus. & Prof. Code §§ 10130, 10131 et seq. Price was first licensed as a Real Estate Broker by the California Bureau of Real Estate in November, 2003. His license number is 01293059. Although corporations may also be licensed as a Real Estate Broker, BPL has never been and is not now so licensed. BPL may not lawfully provide lending consultant services for real estate development projects under Price's license or the license BCI

acquired in December, 2006. See, Id. § 10157. Moreover, BPL cannot lawfully license its alleged "Bellstone" mark to anyone who is so licensed and so cannot claim trademark rights in "Bellstone" through the acts of a licensee. See, Id.

57. Because BPL has never been and is not now licensed to provide lending consultant services for real estate development projects it has never lawfully used, and does not now lawfully use, "Bellstone" as a mark to brand those services. A trademark used unlawfully cannot be registered by the USPTO. See, 15 U.S.C. § 1051; *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 630 (9th Cir. 2007). Price knowingly misrepresented to the USPTO in BPL's application to register "Bellstone" and in its Declaration of Use that BPL was itself providing lending consultant services under the "Bellstone" mark. The USPTO would not have issued the '103 Registration nor accepted BPL's Declaration of Use but for those material misrepresentations.

58. California law requires that for a Real Estate Broker to lawfully use a fictitious business name he must first acquire a license from the California Bureau of Real Estate bearing that name. See, 10 Cal. Admin. Code, § 2731; Bus. & Prof. Code §§ 10159.5, 10157. Price first acquired a license to use the fictitious business names "Bellstone Commercial" and "Bellstone Companies" on January 25, 2006. If Price has used either or both in commerce, he could not have acquired any rights in them any earlier than January 25, 2006. Because BPL cannot lawfully do business under Price's license or permit Price to do business as "Bellstone," BPL has never acquired any trademark or trade name rights in those two names. See, Id. § 10157. To the extent Price has used either or both of those names then it is he, not BPL, who would own the common law trademark or trade name rights in those names.

59. Neither Price nor any of the Defendants has ever been licensed by the California Bureau of Real Estate to use "Bellstone" alone as a fictitious business name and so none has ever acquired any trademark or trade name rights in that name alone. Although BCI is licensed as a Real Estate Broker by the California Bureau of Real Estate it has never sought nor acquired any fictitious business name license from that Bureau.

60. On November 16, 2010, BPL filed a fictitious business name statement with the Sacramento County Clerk to do business as "Bellstone Capital" and "Bellstone Capital Advisors." Those filings expired on November 16, 2015 and are no longer effective. To the extent BPL has used either or both to provide lending consultant services for real estate development projects such use was in violation of Business & Professions Code §§ 10130 et seq. and was, therefore, unlawful.

61. None of the Defendants has ever filed a fictitious business name statement with the Sacramento County Clerk to do business as "Bellstone."

62. BPL's actions in the procurement and maintenance of its '103 Registration constitutes fraud and justifies cancelling the registration. See, 15 U.S.C. § 1064(3). Specifically, Price's knowing misrepresentations (1) in BPL's registration application that BPL was using "Bellstone" as a word mark and that it was itself providing lending consultant services under that alleged mark and (2) in BPL's Declaration of Use that the same mark BPL registered was continuously used in commerce for five years after registration. These were each material false representations made to induce the USPTO to issue and maintain the '103 Registration. The USPTO would not have issued or maintained the '103 Registration but for these misrepresentations.

63. The '103 Registration should also be cancelled because (3) the mark BPL applied to register was not the mark it was actually using, (4) the mark now in use is materially different than the one the USPTO registered under the '103 Registration and (5) BPL cannot lawfully provide "lending consultant services" for real estate development projects under any name or mark, including "Bellstone" or any variation of that name.

64. Belstone will be damaged by the USPTO maintaining the '103 Registration on the Principal Register because that registration provides BPL prima facie evidence of the validity and ownership of, and the exclusive right to use, the word "Bellstone" to brand lending consultant services for real estate development projects and provides BPL with statutory remedy benefits not available to common law trademark owners.

65. BPL's conduct when applying for and maintaining its '103 Registration, its

filing of the Section 1(a) component of its '008 Application, Defendants' spurious, thoughtless, and legally unsupportable trademark infringement claim against Belstone in response to its routine co-existence request, and their other conduct described herein, cumulatively make this an exceptional case that warrants an award of attorneys' fees to Belstone.

## REQUEST FOR RELIEF

WHEREFORE, Belstone seeks a Judgment awarding it the following relief:

(a)  An order declaring that Belstone has not infringed any valid and enforceable trademark rights owned by Defendants;

(b)  An order declaring that BPL may not register "Bellstone" to brand any of the services it listed in the Section 1(a) component of its '008 Application;

(c)  An order cancelling BPL's '103 Registration in its entirety;

(d)  An order awarding Belstone its attorneys' fees, costs, and expenses incurred in connection with this action;

(e)  An order awarding such other and further relief as this Court deems just and proper.

Respectfully Submitted,

DATED:  May 24, 2016			SEQUOIA COUNSEL PC

By:     /s/ DANIEL N. BALLARD

Daniel N. Ballard
Attorney for Plaintiff Belstone Capital LLC